UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
SAMSKIP LOGISTICS, INC.,

                         Plaintiff,                    25-cv-_____

v.

MEDITERRANEAN SHIPPING COMPANY S.A.,

    Defendant.
-------------------------------------------------------------

## VERIFIED COMPLAINT

Plaintiff, Samskip Logistics, Inc. ("Samskip"), by and through its attorneys, Tisdale & Nast Law Offices, LLC, as and for its Verified Complaint against defendant Mediterranean Shipping Company S.A. ("MSC"), alleges upon information and belief:

### JURISDICTION, THE PARTIES, AND VENUE

1.     This is a case of admiralty and maritime jurisdiction within the meaning of 28 U.S.C. §1333 and Rules 9(h) of the Federal Rule of Civil Procedure. In addition, Samskip seeks declaratory judgment pursuant to 28 U.S.C. § 2201.

2.     At all relevant times mentioned herein, Samskip was and still is a corporation organized and existing under the laws of Delaware laws with its principal place of business at 3500 188TH Street SW, Suite 328, Lynnwood WA 98037. Samskip was and is still engaged in business as a non-vessel operating carrier ("NVOCC").

3.     At all relevant times mentioned herein, MSC was and still is a foreign corporation with its principal place of business at 12-14 Chemin Rieu, 1208 Geneva, Switzerland, and was and still is engaged in business as a vessel operating common carrier ("VOCC").

## FACTS

4. As an NVOCC, Samskip organizes shipments on behalf of its respective customers, arranging for the transportation of their goods from one location to another, including from the United States to Portugal.

5. Samskip, as an intermediary in the transportation of goods, contracts with vessel-owning common carriers like MSC to physically transport the goods upon the oceans, and land-based transportation carriers for all inland transportation movements.

6. On the 8th of February 2023, Samskip agreed to transport one refrigerated container said to contain 1,172 cases of frozen fish from Taunton, MA via truck to Boston, MA for ocean carriage to Leixoes, Portugal. Samskip issued a non-negotiable seaway bill identifying Gulf Mist, Inc. as the shipper and Nutiplus LDA as the consignee (hereinafter, the "Gulf Mist cargo").

7. On the 15th of February 2023, Samskip agreed to transport another refrigerated container said to contain 1,575 cases of frozen fish from Boston MA to Leixoes, Portugal. Samskip issued a seaway bill identifying North Point Seafood as the shipper and Frigorificos da Ermida as the consignee (hereinafter, the "North Point cargo").

8. Samskip, as NVOCC, contracted with MSC to arrange for the carriage of these two containers of fish (hereinafter, the "Shipments") aboard the MSC-owned or operated vessel, WEC VAN GOGH (hereinafter, the "Vessel"), from the port of loading, Boston, to the port of discharge, Leixoes, Portugal.

9. As NVOCC, Samskip received MSC Seaway Bill No. MEDUDF808478 for the 1,172 cases of frozen fish in Container No. CXRU1020270, the Gulf Mist cargo.

10. As NVOCC, Samskip received MSC Seaway Bill No. MEDUDF812256 for the 1,575 cases of frozen fish in Container No. TGHU9995027, the North Point cargo (the Gulf Mist and North Point cargos are collectively referred to as the "Samskip Shipments").

11. On or about the dates reflected in the MSC seaway bills, the Samskip Shipments were loaded on board the Vessel at Boston, MA for carriage to Leixoes, Portugal.

12. On or after April 6, 2023, Samskip received Notices of Claim and Invitations to Attend joint surveys (hereinafter, the "Joint Surveys"), advising Samskip that the North Point and Gulf Mist cargos were damaged due to thawing and refreezing of the cargo in the containers.

13. On June 19, 2024, Samskip settled the North Point cargo claim for a total of EUR 43,995.31 or US $47,209.20.

14. A claim has been presented on behalf of the Owners of the Gulf Mist cargo totaling $153,046.63. Settlement negotiations between Samskip and the Gulf Mist cargo interests continue.

15. Samskip sues on its own behalf and as agent and trustee for and on behalf of anyone else who may now have or hereafter acquires an interest in this action or the shipments.

## FIRST CAUSE OF ACTION
### (Indemnification and/or Contribution)

16. Samskip repeats, reiterates, and realleges the foregoing paragraphs 1 and 15 inclusive, with the same force and effect as if fully set forth herein.

17. On or about March 30, 2023, Samskip entered into two contracts of carriage with MSC pursuant to which MSC agreed to properly and carefully load, stow, secure, and transport the Samskip Shipments from the ports of loading to the ports of discharge.

18. MSC's seaway bills for the Samskip shipments constituted valid and binding contracts under the law.

19. If it is determined that the Samskip Shipments were damaged and it is determined that Samskip is responsible for said damage as NVOCC, these said losses and/or damages were

due to the wrongful acts or omissions, including breach of contract, breach of express or implied warranty, etc., or other misconduct by MSC as VOCC and/or otherwise.

20. The alleged damage to the Samskip Shipments was not caused or contributed to by any act, omission, fault, or neglect on the part of Samskip, its customers, agents, servants, or employees, or by those of its customers.

21. Plaintiff has suffered damages of $47,209.20 due to the settlement of the North Point claim plus whatever it pays as the result of a judgment or in settlement of the Gulf Mist claim, no part of which has been paid by MSC, although duly demanded.

## SECOND CAUSE OF ACTION
### (Breach of Contract and of Duties under COGSA, 46 U.S.C. §30701)

22. Samskip repeats, reiterates, and realleges the foregoing paragraphs numbered 1 through 21, inclusive, with the same force and effect as if fully set forth herein.

23. MSC's duties included those of a carrier in accordance with COGSA 46 U.S.C. § 30701 *et seq*.

24. Samskip performed all duties and obligations on its part under its seaway bills by arranging to transport the Samskip Shipments with MSC.

25. MSC, who was aware of the nature of the Samskip Shipments, contracted to carry the Samskip Shipments from Boston MA to Leixoes, Portugal for an agreed upon freight which Samskip paid in full.

26. However, upon arrival at their destination of Leixoes, Portugal, the Samskip Shipments were inspected and seized by the authorities due to signs of damage caused by thawing and refreezing while in MSC's care, custody or control.

27. The aforesaid damage was caused by MSC's breach of contract and/or duties under COGSA and the general maritime law.

28.     As a proximate result of the foregoing, Plaintiff has suffered damages of $47,209.20 due to the settlement of the North Point claim plus whatever it pays as the result of a judgment or in settlement of the Gulf Mist claim, no part of which has been paid by MSC, although duly demanded.

### THIRD CAUSE OF ACTION
**(Breach of Warranties and Nondelegable Cargoworthiness Duties)**

29.     Samskip repeats, reiterates, and realleges the foregoing paragraphs numbered 1 through 28, inclusive, with the same force and effect as if fully set forth herein.

30.     MSC's statutory duties, contractual obligations, and warranties under the general maritime law included the nondelegable duty to provide seaworthy and cargoworthy ocean shipping containers fit in every respect to carry the Samskip Shipments that MSC contracted to transport.

31.     MSC was at all material times responsible for the maintenance of its containers before and during carriage, including the pre-trip receipt, inspection, and preparation of the containers for carriage.

32.     The damage to the Samskip Shipments was caused by the mishandling of the containers by MSC or entities acting on its behalf.

33.     As a proximate result of the foregoing, Plaintiff has suffered damages of $47,209.20 due to the settlement of the North Point claim plus whatever it pays as the result of a judgment or in settlement of the Gulf Mist claim, no part of which has been paid by MSC, although duly demanded.

### FOURTH CAUSE OF ACTION
**(General Negligence)**

34.     Samskip repeats, reiterates, and realleges the foregoing paragraphs numbered 1 through 33, inclusive, with the same force and effect as if fully set forth herein.

35. The damage to the Samskip Shipments was due to the want of care, design, neglect, fault, privity, negligence, gross negligence, and/or willful, wanton, and reckless misconduct by MSC, resulting in the damages suffered by Samskip.

36. As a proximate result of the foregoing, Plaintiff has suffered damages of $47,209.20 due to the settlement of the North Point claim plus whatever it pays as the result of a judgment or in settlement of the Glory Mist claim, no part of which has been paid by MSC, although duly demanded.

## **FIFTH CAUSE OF ACTION**
**(Declaratory Judgment)**

37. Samskip repeats, reiterates, and realleges the foregoing paragraphs numbered 1 through 36, inclusive, with the same force and effect as if fully set forth herein.

38. In the event a settlement has not been agreed or a judgment entered against Samskip in regard to the Gulf Mist claim before this matter is concluded, Samskip seeks a declaration from this Honorable Court establishing that MSC is liable in full or in part to Samskip for whatever reasonable amount is agreed or assessed against Samskip in the future in the Gulf Mist claim.

**WHEREFORE**, Samskip prays that:

1. Judgment be entered in favor of Samskip as against MSC for $47,209.20 for the North Point claim and whatever amount is agreed by or assessed against Samskip by settlement or judgment in the Gulf Mist claim;

2. MSC be found liable for indemnity in favor of Samskip and for all such sums for which Samskip may be found liable as a result of any claims, including attorneys' fees, interest, costs, and disbursements;

3. In the event the Gulf Mist claim is not resolved before the final disposition of this action, Samskip be granted declaratory judgment declaring MSC liable to Samskip in full or in

part for whatever reasonable amount may be agreed by or assessed against Samskip in settlement or judgment; and

    4.    Samskip be granted such other and further relief as this Court deems just and proper.

Dated:   March 27, 2025
           New York, NY

                       Attorneys for Plaintiff,
                       Samskip Logistics, Inc.,

                       /s/ *Thomas L. Tisdale*
                       Thomas L. Tisdale
                       Tisdale & Nast Law Offices, LLC
                       Chrysler Building
                       405 Lexington Ave., 26th Floor
                       New York, NY 10174
                       Tel:    212 354 0025
                       Fax:   212 869 0067
                       *ttisdale@tisdale-law.com*

## VERIFICATION

1. My name is Thomas L. Tisdale.

2. I am over 18 years of age, of sound mind, and capable of making this Verification.

3. I am an attorney with the firm of Tisdale & Nast Law Offices, LLC, counsel for Plaintiff and am authorized to make this verification on Plaintiff's behalf. The reason why I signed this verification in lieu of Plaintiff is because Plaintiff has no office or personnel within this Judicial District.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The source of my knowledge and the grounds for my belief are the information provided to me by Plaintiff, the documents provided to me by Plaintiff, and the conversation I had with the Plaintiff.

6. The foregoing is true and correct under penalty of perjury of the laws of the United States of America.

Dated: March 27, 2025
New York, NY

_____
Thomas L. Tisdale

8